UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HORNING and PATRICIA HORNING on behalf of themselves and the classes defined below,<br><br>          Plaintiffs,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA<br><br>          Defendant. | 09 C 3421 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiffs David and Patricia Horning ("Horning"), on behalf of themselves and all others similarly situated to remand this case to the Circuit Court of Cook County. Defendant Laboratory Corporation of America ("Labcorp") moves to dismiss Count I of the Horning's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Hornings' motion to remand the case is denied and Labcorp's motion is granted.

## BACKGROUND

This action was originally filed in the Circuit Court of Cook County, Illinois, on May 4, 2009. On June 5, Labcorp removed the case to this court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Labcorp perceives that the

Hornings, together with the putative class members, satisfy the $5 million amount in controversy requirement under CAFA. The Hornings resist Labcorp's position and responded with this instant motion to remand.

According to the allegations of the underlying action, Patricia Horning had laboratory tests performed by Labcorp under a United Healthcare Preferred Provider program ("PPO"). Pursuant to the PPO's explanation of benefits, the PPO paid Labcorp for the tests and Patricia was not required to make any additional payment. Shortly thereafter, the Hornings claim that Labcorp billed them and demanded payment in the amount of $322; a later bill was for $8.05. Asserting that Labcorp maintains a practice of accepting payment from an insurance company or PPO and later billing the patient for an amount greater than was specified in the explanation of benefits, the Hornings, as representatives of a putative nationwide class, filed a two-count complaint asserting a breach of contract claim and an Illinois Consumer Fraud Act claim.

## LEGAL STANDARDS

**A. Motion to Remand**

Under CAFA, federal courts have diversity jurisdiction over class actions that satisfy the following criteria: (1) minimal diversity; (2) 100 or more class members; and (3) an aggregate amount in controversy exceeding $5 million. *See* 28 U.S.C. § 1332(d)(2). As the proponent of federal jurisdiction, the removing party bears the burden of describing how the controversy exceeds $5 million. *Brill v. Countrywide*

*Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Since the amount in controversy is a pleading requirement and not a proof issue, a removing party need not "confess liability in order to show that the controversy exceeds the threshold." *Id.* at 449. The proponent must show what the stakes of litigation could be as well as what they are given the plaintiff's actual demands. *Id.* Once the proponent has plausibly suggested that the relief exceeds $5 million, then the case remains in federal court unless the plaintiff can show it is legally impossible to recover that much. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

**B. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v.*

*Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to the instant motions.

## DISCUSSION

### A. Motion to Remand

The Hornings contest federal jurisdiction on the grounds that their complaint does not support Labcorp's assertion that the aggregate amount in controversy, i.e. the combined claims of the Hornings and the putative class, exceed $5 million. Labcorp argues that it has satisfied its burden of establishing federal jurisdiction by referencing the actual demands contained in the complaint. First, Labcorp asserts the Hornings' claim against Labcorp is typical of the nationwide class, which is that Labcorp charged Patricia $322 for laboratory tests without the right to do so. Next, the complaint alleges that Labcorp performs over 300,000 tests per day and Labcorp calculates this number to be 75,000,000 tests over the course of a year. Finally, Labcorp avers that the Hornings claim that overbilling is part of its practice, which Labcorp contends is relevant to estimating the potential aggregate amount of damages in this case.

When evaluating a motion to remand, the court assesses the amount the plaintiffs have placed in controversy, not the amount they are actually entitled to recover. *Brill*, 427 F.3d at 449. Taking the $330.05 overcharge in the Hornings' complaint, and multiplying it by 75,000,000 yields $24,753,750,000. Overcharges in 15,150 instances, or .02% of the tests Labcorp performs over the court of a year, would produce the jurisdictional amount needed to satisfy CAFA. Since the Hornings allege Labcorp's practice of overbilling patients extends nationwide, it is plausible to conclude that overbilling occurred in that many instances if not more.

Furthermore, the Hornings have not argued that it is legally impossible for the putative class to recover that amount. Instead, they suggest that Labcorp is required to supply an affidavit to support its argument that the plaintiffs have placed the jurisdictional minimum amount in controversy. However, suits are removed on the pleadings, before the presentation of evidence or other proofs. *Id.* at 448. Labcorp has established how the complaint inspires an amount in controversy exceeding the $5 million minimum and the Hornings have failed to assert such a recovery would be legally impossible. Therefore, we are satisfied that we have subject matter jurisdiction over this dispute and the motion to remand is accordingly denied.

## B. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Labcorp moves to dismiss Count I of the Hornings' complaint for failure to state a claim. In Count I, the Hornings allege that Labcorp entered into an accord and

satisfaction when it accepted payment under the explanation of benefits and stated that Patricia owed no money. The Hornings allege that collecting or attempting to collect more from a patient than what is expressed in the explanation of benefits constitutes a breach of that contract. Under Illinois law, a plaintiff must set forth the existence of a contract, the plaintiff's performance of its conditions, a breach by the defendant, and damages as a result of the breach. *Assoc. Underwriters of American Agency, Inc. v. McCarthy*, 826 N.E.2d 1160, 1168 (Ill. 2005). Labcorp contests whether the Hornings have sufficiently pled the existence of a contract and whether they have pled the element of damages.

In their response, the Hornings first argue that they have pled the existence of a contract and the existence of their right to sue by virtue of their alleged relationship with the PPO and its contract with Labcorp. It is well-established in Illinois that if a contract is entered into for the direct benefit of a third person, then the third person can sue for breach of contract despite being a stranger to the contract and consideration. *Olson v. Etheridge*, 686 N.E.2d 563, 566 (Ill. 1997). The Hornings contend that their contract with the PPO provides that in return for the premiums they pay, the PPO makes payments to the providers on their behalf in accordance with the PPO's contract with the provider. Moreover, the contract the PPO has with the provider ensures that the provider accepts payment at a discounted rate in consideration of the PPO's referral of

patients to the provider. In sum, a reasonable inference can be drawn from the allegations in the complaint that the Hornings were the intended third-party beneficiaries of the contract between Labcorp and the PPO. Therefore, the Hornings may sue for what they perceive as a breach of the PPO-Labcorp agreement.

The Hornings contend that the essence of the relief sought is equitable in nature because they seek a declaratory judgment stating they owe nothing to Labcorp, therefore they need not plead damages. However, to prevail on a motion to dismiss, a plaintiff is required to allege legally cognizable damages to maintain a cause of action for breach of contract. *Doe v. Northwestern Univ.*, 682 N.E.2d 145, 149 (Ill. 1997). Nowhere in the Hornings' complaint do they state they paid the bill Labcorp presented to them. In their response, they concede never having paid it. Without contending that the Hornings sustained any damage arising out of Labcorp's alleged breach, their claim for breach of contract cannot lie. As such, Labcorp's motion to dismiss the breach of contract claim is granted.

Since Count I is dismissed for failure to state a claim, the Hornings do not have standing to pursue the putative class action. Plaintiffs seeking to represent a class must allege and show that the defendant injured them personally and not just that the injury was sustained by unidentified members of a class to which they belong and plan to represent. *Warth v. Seldin*, 422 U.S. 490, 502, 95 S. Ct. 2197, 2207 (1975). The

Hornings have not established the requisite personal injury necessary to represent the putative class on the breach of contract action.

The remaining claim is one for relief under the Illinois Consumer Fraud Act, a state law action. The Hornings case is before us pursuant to the minimal diversity requirement contained in CAFA. However, without standing to represent the putative class, the Hornings cannot satisfy the necessary amount in controversy under CAFA. Based on the Hornings' individual claim, it is beyond a legal certainty that they would be unable to recover the jurisdictional amount. *See Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Therefore, the court lacks jurisdiction to entertain this case due to an insufficient amount in controversy.

## CONCLUSION

Based on the aforementioned, the Hornings motion to remand on jurisdictional grounds is denied and Labcorp's motion to dismiss is granted. The case is dismissed on the grounds that the court lacks jurisdiction.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:     September 3, 2009